Kay D. McGIBBONY *v.*
F. Michael McGIBBONY

CA 83-360                                671 S.W.2d 212

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1984

*Thorp Thomas,* for appellant.

*Laser Sharp & Huckabay, P.A.,* by: *Ralph R. Wilson,* for appellee.

JAMES R. COOPER, Judge. This appeal is from an order by the chancellor correcting his prior order regarding child support payments due from the appellee to the appellant.

The parties were divorced in 1976 and their three children were placed in the appellant's custody. The appellee was ordered to pay child support in the amount of $133.00 per month per child. In January of 1980 the appellant went to California and left the children in the appellee's custody. During this period, the two male children decided they would rather stay with the appellee. Upon the appellant's return from California later that summer, a hearing was held in which the court gave the appellee custody of his two sons and the appellant was awarded custody of her daughter. The chancellor also awarded the appellant child support from the appellee in the amount "of $117.00 on the first and fifteenth of each month." This was done on August 11, 1980, but the order was not entered until January of 1981 — *nunc pro tunc*. The appellant accepted payments of $117.00 per month for a period of nineteen months. She then filed a petition for arrearages alleging that the August 11, 1980 order required the appellant to pay support in the amount of $234.00 per month, rather than the $117.00 per month. After taking testimony, the chancellor ruled that the order of August 11, 1980 was capable of more than one interpretation, and that he would correct it to reflect what he actually ordered in August of 1980, *i.e.*, child support payments of $117.00 per month, payable in two equal installments on the first and fifteenth of each month.

For reversal, the appellant argues that the chancellor was without authority to modify the August 11, 1980 order because more than 90 days had elapsed since the filing of the decree and ARCP, Rule 60 (c) prohibits such modification after 90 days from the entry of the decree. We hold that ARCP, Rule 60 (c) has no application to the facts of this case and we affirm.

Our appellate courts have long recognized the inherent power of the courts of this state to enter orders correcting their judgments where necessary to make them speak the truth and reflect actions accurately. *Harrison* v. *Bradford*, 9 Ark. App. 156, 655 S.W.2d 466 (1983). "This power, however, is confined to correction of the record to the extent of making it conform to the action which was in reality taken at the time. It does not permit the change of a record to

provide something that in retrospect should have been done but was not done." *Id.*

After reviewing the chancellor's letter order in this matter, as well as the testimony at the hearing on the appellant's petition, we find that the chancellor acted properly in correcting his order of August 11, 1980. He simply made his earlier order say clearly what he intended it to say when he made it. The evidence is overwhelming that he intended in August of 1980 to modify the appellee's support obligation downward since the circumstances had changed in that the appellee now had custody of two of his three children.

Affirmed.

MAYFIELD, C.J., and CLONINGER, J., agree.