Devolyn Kay LEE *v.* John William LEE, Jr.

97-338                                              954 S.W.2d 231

Supreme Court of Arkansas
Opinion delivered October 23, 1997

*Bagby Law Firm, P.A.*, by: *Philip A. Bagby*, for appellant.

*Annie Powell* and *Eddie N. Christian*, for appellee.

TOM GLAZE, Justice. This case involves a custody dispute over the two sons of appellant Devolyn Kay Lee and appellee John William Lee. Crawford County Chancery Judge Jim Spears, by *ex parte* order of protection, initially awarded temporary custody of the boys to Devolyn. However, Chancery Judge Charles Clawson was later assigned to hear Judge Spears's cases, and after hearing the Lees' divorce case on December 5, 1996, Judge Clawson granted Devolyn a divorce, but awarded permanent custody of the two boys to John. Judge Spears actually signed the initial divorce decree, which was entered on December 19, 1996, but after

Devolyn filed a motion for a new trial on December 20, 1996, Judge Clawson signed a second decree, which was entered on December 27, 1996. Other than reflecting Judge Clawson's signature, in place of Spears's, the second decree read the same as the first decree. When the trial court failed to rule on Devolyn's new-trial motion, Devolyn filed a timely notice of appeal on January 23, 1997. On appeal, Devolyn raises four points for reversal, but none has merit.

In her first argument, Devolyn contends that, immediately after Judge Clawson heard and decided the Lees' case, she had acquired newly discovered evidence entitling her to a new trial. Devolyn alleged in her motion for new trial that John had informed Devolyn's father, Donald Love, that he did not have adequate housing for the boys, that it would be impossible for him to keep the boys in their present school district, and that neither Devolyn nor Mr. Love and his wife would see the boys again. Based on these remarks attributed to John, Devolyn asserted John had not been forthright with the court and had shown it was not in the best interest of the boys to be awarded to John. In his response, John denied having made any of the statements.

█  It is settled law that a new trial based on newly discovered evidence is not a favored remedy, and whether to grant a new-trial motion on such grounds is within the sound discretion of the trial court. *Piercy v. Wal-Mart Stores, Inc.*, 311 Ark. 424, 844 S.W.2d 337 (1993). This court has also established that, in a hearing on a motion for new trial based on newly discovered evidence, the burden is on the movant to establish that he or she could not with reasonable diligence have discovered and produced the evidence at the time of the trial, that the evidence is not merely impeaching or cumulative, and that the testimony would have changed the result of the trial. *Id.*

█  Here, the statements attributed to John were denied by him, and the trial court was well within its province to disbelieve Donald Love. In addition, the remarks attributed to John could only have been used to impeach his earlier testimony. The fact that new information has been discovered which might merely impeach or otherwise test the credibility of a witness is not suffi-

cient reason to warrant a new trial. Accordingly, we hold the trial court did not abuse its discretion in denying Devolyn's motion.

For her second point, Devolyn argues that Judge Clawson's assignment in this case, made pursuant to Ark. Code Ann. § 16-10-101 (Repl. 1993), violated Art. 7, § 13, of the Arkansas Constitution and Ark. Code Ann. § 16-13-2003 (Repl. 1993). The constitutional provision cited provides for the establishment of judicial circuits and for judges who shall be elected and reside within each circuit. Section 16-13-2003, establishes the number of judges and chancellors to be elected in the Twelfth Judicial Circuit, which includes the Crawford County Chancery Court. In sum, Devolyn submits that, contrary to Art. 7, § 13, Judge Clawson was never elected to serve in the Twelfth Judicial Circuit, and other judges who had been elected within the circuit could have served if they had been given the opportunity. *See* Ark. Code Ann. § 16-13-403 (Repl. 1993). Devolyn further argues that Judge Clawson's appointment or assignment under Ark. Code Ann. § 16-10-101 (Repl. 1993) was not proper because there was no showing his assignment was necessary "for the efficient and proper administration of justice," as is required by the statute.

■ The short answer to Devolyn's argument is that, while Devolyn argues she had no opportunity to object to Judge Clawson's appointment on December 4, 1996, the record belies her charge. Judge Clawson was appointed on December 4, 1996, so she could have raised this issue either on December 4 or before trial commenced on December 5, 1996. Thus, Devolyn is procedurally barred from raising this issue for the first time on appeal. *See Jones v. Jones*, 320 Ark. 449, 898 S.W.2d 23 (1995); *see also Neal v. . Wilson*, 321 Ark. 70, 900 S.W.2d 177 (1995) (court held it is the parties' or trial court's responsibility to apprise the supreme court as to whether an assignment is necessary under Act 496 [now codified as § 16-10-101], and once that assignment is made, that responsibility continues).[1]

---

[1] The *Neal* court upheld an assignment under § 16-10-101 even though another judge, who had been elected within the circuit, could have served. *See also George v. State*, 250 Ark. 968, 470 S.W.2d 93 (1971) (court held selection and assignment of a judge under § 16-10-101 as an alternate method to judges in different circuits serving on exchange).

■ Devolyn next argues that Judge Clawson's appointment was limited to the trial on December 5, 1996, and therefore his signing of the parties' decree and entering it on December 27, 1996, exceeded his authority. Again, Devolyn made no objection to Judge Clawson's having signed the December 27 decree. Our *de novo* review of chancery matters does not mean that this court can entertain new issues on appeal when the opportunity presented itself for them to be raised below and that opportunity was not seized. *Jones*, 320 Ark. 449, 898 S.W.2d 23.

■ In her final point, Devolyn suggests Judge Spears committed reversible error when he signed the parties' initial decree even though he had not heard the case. She cites *Waddle v. Sargent*, 313 Ark. 539, 855 S.W.2d 919 (1993), and argues that once an order of assignment of another judge has been entered, the assignment deprives any other judge of authority to act in any proceeding related to that case. Of course, we have already upheld the validity of Judge Clawson's appointment and his signing and entry of the December 27 decree in this case. Consequently, Devolyn's argument became moot when Judge Clawson entered the December 27 decree.

For the reasons above, we affirm.