Royce L. HOLT *v.* George W. HOLT

CA 99-656                                              14 S.W.3d 887

Court of Appeals of Arkansas
Division IV
Opinion delivered April 19, 2000

*Helen Rice Grinder* and *David R. Hogue*, for appellant.

*Brazil, Adlong, & Osment, PLC,* by: *Caroline L. Winningham,* for appellee.

JOHN MAUZY PITTMAN, Judge. This case arose out of a dispute concerning the division of the parties' retirement annuities. During their marriage, both of the parties were participants in federal retirement programs administered by the Office of Personnel Management. Their 1988 divorce decree included findings that the retirement plans were marital property, and that each of the parties was entitled to one-half of the other's retirement benefits accrued during the marriage.

Appellee continued to work for the federal government until 1998, and his salary increased. When he retired, the Office of Personnel Management, interpreting the decree in light of federal regulations, included post-divorce salary increases in calculating appellant's half of the benefits. Appellee was notified that he had the right to appeal that decision within thirty days. He did not do so. Instead, appellee filed a petition in chancery court to modify the 1988 divorce decree. The chancellor granted the petition and modified the decree to provide that post-divorce salary increases were to be disregarded in computing retirement benefits. From that decision, comes this appeal.

For reversal, appellant contends that the chancellor erred in denying her motion to dismiss for lack of jurisdiction, in admitting hearsay evidence, and in interpreting the 1988 decree. We reverse.

■ Appellant argues that the chancery court lacked jurisdiction under Rule 60 to modify the divorce decree ten years after it was entered. We agree. The divorce decree did not specify whether post-decree salary increases would be included in the calculation of appellant's share of the retirement benefits. There were no changed circumstances since the decree was initially entered because even the federal regulations in force in 1988 provided that, unless the court directly and unequivocally ordered otherwise, a decree dividing an annuity on a percentage basis would be interpreted to entitle the former spouse to salary adjustments occurring after the date of the decree. *See* 5 C.F.R. § 831, Subpt. Q, App. A (1988). The 1992 amendments to the regulations added nothing contrary to this. *Compare* 5 C.F.R. § 838, Subpt. J., App. A (1999). There was no ambiguity regarding the legal effect of the language employed in the divorce decree at issue in the present case, which is thereby distinguished from *Ford v. Ford,* 30 Ark. App. 147, 783 S.W.2d 879 (1990). In the absence of either changed circumstances or ambiguity, the changes made to the decree were not clarifications of what the court originally intended, but instead modifications that changed the effect that the decree would have had pursuant to its express terms and the law extant at the time it was pronounced. *See Reves v. Reves,* 21 Ark. App. 177, 730 S.W.2d 904 (1987) *(overruled on other grounds,* 26 Ark. App. 37, 759 S.W.2d 570 (1988)) (Rule 60(a) allows a court only to correct the record to make it conform to action actually taken at the time, and does not permit a decree to be modified to provide for action that the court, in retrospect, should have taken, but which it in fact did not take); *see also Tyer v. Tyer,* 56 Ark. App. 1, 937 S.W.2d 667 (1997) (omission of a provision dividing husband's retirement plan from a divorce decree was not a "clerical error" within the meaning of Rule 60(a)). No grounds for modifying the decree after ninety days appear of record, and we hold that the chancellor therefore lacked jurisdiction to do so. Ark. R. Civ. P. 60(c).

■■ Even had jurisdiction been proper, we would still be required to reverse. The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative

remedy has been exhausted. *Delta School of Commerce, Inc. v. Harris,* 310 Ark. 611, 839 S.W.2d 203 (1992). In the present case, appellee admittedly did not pursue the administrative appeal that was available to him, and the review board could have provided complete relief by interpreting the decree in favor of appellee's position. *See generally* 5 C.F.R. §§ 1201.3, 1201.113(e) (1999); *see also Barr v. Arkansas Blue Cross,* 297 Ark. 262, 761 S.W.2d 174 (1988). Therefore, appellee was not entitled to relief in chancery court. *See Delta School of Commerce, Inc. v. Harris, supra.*

Reversed.

STROUD and NEAL, JJ., agree.