KENNEDY FUNDING, INC. *v.* Virgil W. SHELTON

CA 06-1035 264 S.W.3d 555

Court of Appeals of Arkansas
Opinion delivered October 3, 2007

*Cross, Gunter Witherspoon & Galchus, P.C.*, by: *David B. Vandergriff*, for appellant.

*Welch & Kitchens, LLC*, by: *Richard C. Madison* and *Morgan E. "Chip" Welch*, for appellee.

SAM BIRD, Judge. This appeal arises out of an order of the Pulaski County Circuit Court interpreting and clarifying a foreclosure decree five years after it was entered. Appellant, Kennedy Funding, Inc., argues on appeal that the circuit court had no authority under Rule 60 of the Arkansas Rules of Civil Procedure to enter an order modifying the foreclosure decree more than ninety (90) days after the decree was filed. Appellee, Virgil Shelton, responds, contending that the circuit court did not modify the decree but merely interpreted and corrected an ambiguity in the decree, which it had inherent power to do. We agree with appellee and affirm the decision of the circuit court.

In 1992, appellee sold to Will and Rita Acklin certain real property in Pulaski County on which he operated a cemetery (hereinafter designated "the Rest in Peace Cemetery Property").

Appellee provided owner financing, and the Acklins executed a promissory note and mortgage in favor of appellee. The mortgage was duly recorded on December 9, 1992, with the Pulaski County Circuit Clerk. In 1999, the Acklins borrowed money from appellant, executing a promissory note in favor of appellant on January 9, 1999. The Acklins also executed mortgages on several parcels of real property, including the Rest in Peace Cemetery Property, which were duly filed of record in February 1999.

On October 6, 2000, appellant initiated foreclosure proceedings against the Acklins, serving the Acklins, appellee, and various other defendants who held mortgages on the real property made the subject of the foreclosure action. The foreclosure complaint included four parcels of land: the Club Manor Drive Property, the Funeral Home Property, the Haven of Rest Cemetery Property, and the Rest in Peace Cemetery Property. The circuit court entered a foreclosure decree on January 17, 2001, awarding judgment against the Acklins and various entities owned by them, and judgment in rem against all four parcels of land in favor of appellant. An amended foreclosure decree was filed on August 8, 2001, to correct a scrivener's error in the legal description of the Rest in Peace Cemetery Property. Herein, we will refer to the original foreclosure decree, as amended, as the decree.

The decree indicated that appellant had a first lien on the Haven of Rest Cemetery Property and the Funeral Home Property and a second lien on the Club Manor Drive Property and the Rest in Peace Cemetery Property. With regard to the Rest in Peace Cemetery Property, Paragraph 39 of the decree stated that "Virgil W. Shelton may claim an interest in the Rest In Peace Cemetery Property by virtue of a Mortgage dated December 8, 1992 . . . and filed for record on December 9, 1992 . . . ." Paragraph 40 stated that the "interest of Virgil W. Shelton is superior to that of Kennedy." The decree then provided in Paragraph E: "The Plaintiff Kennedy Funding, Inc.[,] has a second lien in the Rest in Peace Cemetery Property, more particularly described as follows: . . . subject to the noted interest in favor of Virgil W. Shelton." However, without mentioning any of the foregoing paragraphs designating appellee's interest in the property as superior to that of appellant, Paragraph O provided that "[u]pon sale of the property and the confirmation of such sale by the Court, all of the right, title and equity of the Defendants in and to such property shall be and is hereby foreclosed and forever barred." In its final sentence, the foreclosure decree stated that the "Court

retains control of this cause for such further orders as may be proper to enforce the rights of the parties hereto, and the rights of such as may hereafter become parties to this action by proper proceedings."

The Rest in Peace Cemetery Property remained in receivership until the receiver scheduled a judicial sale of the property for March 23, 2006. On March 21, 2006, appellee filed a motion to stay the foreclosure sale or in the alternative to amend the foreclosure order, contending that the paragraph in the foreclosure decree identifying him as having a superior interest to appellant in the Rest in Peace Cemetery Property seemed to conflict with Paragraph O, purporting to extinguish all "right, title and equity of the Defendants in and to such property." He requested a stay of the sale pending "clarification" by the court regarding "who and what interests" were to be foreclosed by a sale in light of the ambiguity in the decree. The circuit court entered an order staying the sale pending a hearing.

Appellant argued that the court had no power to modify its decree unless the error was considered to be a clerical mistake. Citing *First National Bank of Lewisville v. Mayberry*, 368 Ark. 243, 244 S.W.3d 676 (2006), appellant argued that the failure of the decree to have appellee's mortgage remain as a first priority lien against the property was not a clerical mistake. On May 22, 2006, the circuit court entered an order finding that it had continuing jurisdiction over the parties and subject matter until the sale was confirmed and the period of redemption had expired; that, based on Paragraphs 39 and 40 of the decree, the interest of Virgil Shelton was superior to that of Kennedy Funding; that, based upon language in Paragraph E, Kennedy Funding had a second lien on the cemetery property subject to the superior mortgage interest of Virgil Shelton; that the case involved "enforcing the rights of the parties rather than modification or amendment of the original or amended foreclosure decree under Rule 60 of the Arkansas Rules of Civil Procedure"; that, based upon a reading of the decree, some lien holders were superior to Kennedy Funding, not inferior, and thereby grouping all defendants together in Paragraph O was impossible; that it was clear from testimony and the foreclosure decree's specific terms that Virgil Shelton did not bargain for an inferior lien or agree to take subject to Kennedy Funding after any subsequent judicial sale; and that, therefore, Virgil Shelton's superior mortgage interest was controlling and was not disturbed by Paragraph O. Finally, the court determined that the foreclosure

decree should not be amended and entered an order "enforcing the rights and obligations of the parties consistent with its original orders." Appellant filed this appeal from the circuit court's order.

Appellant contends that the issue before the court is whether a trial court has the authority under Rule 60 of the Arkansas Rules of Civil Procedure to enter an order amending its decree more than ninety days after the decree was filed. Appellant argues that the trial court's order of clarification was not authorized by Rule 60 because Paragraph O was not a "clerical mistake" arising from oversight or omission but in the nature of negligence by appellee's attorney, which the supreme court held was not subject to correction under Ark. R. Civ. P. 60(b). *See Mayberry, supra.*

In *Mayberry,* the Bank filed a motion to vacate documents related to a foreclosure sale two months after the sale had taken place and the circuit court had entered an order confirming the sale and approving the commissioner's deed. The Bank claimed that neither its president, who acted as commissioner in advertising and selling the property, nor its attorney caught the error in the amount of the bid — the documents stated that the Bank bid $86,534.90 for the property instead of $26,534.90, which the Bank claimed that it bid. *Id.* at 246, 244 S.W.3d at 679. The supreme court affirmed the circuit court's denial of the Bank's motion to vacate the documents and held that the mistake was not a "clerical error" within the meaning of Ark. R. Civ. P. 60(b). The court reasoned that there was no Arkansas law allowing resort to Rule 60 for errors made by counsel and stated that the circuit court specifically found testimony bearing on the alleged clerical mistake to be unbelievable. *Id.* at 251, 244 S.W.3d at 683.

Appellee responds to appellant's arguments, claiming that neither *Mayberry* nor Rule 60 is applicable to this case. Appellee points to the foreclosure decree pursuant to which the circuit court "retained control of this cause for such further orders as may be proper to enforce the rights of the parties hereto[,]" arguing that the circuit court merely interpreted its potentially ambiguous foreclosure decree in order to enforce the rights of the parties. Appellee cites *Abbott v. Abbott,* 79 Ark. App. 413, 90 S.W.3d 10 (2002); *Sims v. First State Bank of Plainview,* 73 Ark. App. 325, 43 S.W.3d 175 (2001); and *McGibbony v. McGibbony,* 12 Ark. App. 141, 671 S.W.2d 212 (1984), as authority for the circuit court's actions. These cases hold that "a trial court . . . has inherent power to enter an order for the purpose of correcting a judgment to

ensure that the judgment is truthful and that it accurately reflects the court's original ruling." *Abbott*, 79 Ark. App. at 421, 90 S.W.3d at 15; *Sims*, 73 Ark. App. at 332, 43 S.W.3d at 180 (citing *McGibbony*, *supra*). In each of these cases, the court held that Rule 60 was not applicable and did not abrogate the court's "inherent power" to "accurately reflect its original ruling or to interpret its prior decision." *Abbott*, 79 Ark. App. at 421, 90 S.W.3d at 15.

We agree with appellee. Neither Rule 60 nor the supreme court's decision in *Mayberry* is applicable to the facts of this case. Unlike in *Mayberry*, the foreclosure sale has not yet taken place in this case. The court in this case did not correct an error made by an attorney after the sale was conducted and confirmed; rather, the court interpreted *its own* foreclosure decree *before* any such sale could take place to insure that the rights of the parties were clear to any prospective purchaser.

As a general rule, judgments are construed like any other instrument; the determinative factor is the intention of the court as gathered from the judgment itself and from the record. *Abbott*, 79 Ark. App. at 421, 90 S.W.3d at 15. We will not reverse the circuit court's interpretation of its own decree unless its findings of fact are clearly erroneous. *Id.* at 422, 90 S.W.3d at 16. In this case, the circuit court examined the record and the decree, held a hearing on appellee's motion to amend the decree, and determined that the intention of the foreclosure decree was to foreclose the subordinate interest of appellant in the Rest in Peace Cemetery Property while preserving appellee's superior interest in the property.

We first note that the law allows a court to offer at a judicial sale only such title as is held by the person or estate whose interest is being sold. *Bohra v. Montgomery*, 31 Ark. App. 253, 257, 792 S.W.2d 360, 362 (1990). The purchaser takes subject to outstanding liens. *Id.* In this case, the circuit court's foreclosure decree affected four different parcels of land. In its foreclosure decree, the circuit court stated that appellant held a first lien in two of the parcels and a second lien in two of the parcels. Appellee had an interest in only one of those parcels of land: the Rest in Peace Cemetery Property. In addition to appellee and appellant, there were four other defendants who held an interest in the Rest in Peace Cemetery Property. The circuit court clearly recognized in Paragraphs 39 and 40 of the decree that appellee's interest was superior to that of appellant. Paragraph E of the decree then stated that "Kennedy Funding, Inc.[,] has a second lien in the Rest in Peace Cemetery Property, more particularly described as follows:

. . . subject to the noted interest in favor of Virgil W. Shelton." Appellant admitted at the hearing on appellee's motion to amend that appellee had a first lien on the property and that it was superior to that of appellant. Appellant argued simply that, because the circuit court had no jurisdiction under Rule 60 to amend the decree, appellee must bear the cost of the ambiguity caused by Paragraph O of the circuit court's foreclosure decree, which purported to extinguish his first lien along with the liens of all of the other defendants in the various properties.

 Appellant then argued that appellee agreed to subordinate his lien to that of appellant, although it offered no evidence of this alleged agreement. The attorney for the Arkansas Cemetery Board, who was present at the hearing and had been involved in the foreclosure proceedings, testified that it was his understanding that appellee had a first lien on the property and that he had no knowledge of any agreement subordinating appellee's lien. In light of the law, the decree itself, and the testimony before the circuit court, we cannot say that the circuit court's interpretation of its own foreclosure decree was clearly erroneous.

Affirmed.

HART and GRIFFEN, JJ., agree.