John O. BRANDT *v.* Krista Ann BRANDT

CA 07-1346                                                286 S.W.3d 202

Court of Appeals of Arkansas
Opinion delivered August 27, 2008

*Tripcony Law Firm, P.A.*, by: *James L. Tripcony*, for appellant.

*Wilson, Engstrom, Corum & Coulter*, by: *Stephen Engstrom*, for appellee.

DAVID M. GLOVER, Judge. Appellant, John O. Brandt, and appellee, Krista Ann Brandt, were divorced in April 1999. They have one child. In a post-divorce action, the trial court was called upon to interpret paragraph 5 of the parties' divorce decree concerning child support. An order entered on August 9, 2007, incorporated in part the parties' agreement and in part the court's decision on the child-support issue. As appellant's sole point of appeal,

he contends that the trial court erred in finding that paragraph 5 of the decree requires him to increase child-support payments automatically every year after 2000. We agree and, therefore, reverse and remand for proceedings consistent with this opinion.

As a general rule, judgments are construed like any other instrument; the determinative factor is the intention of the court as gathered from the judgment itself and from the record. *Kennedy Funding v. Shelton*, 100 Ark. App. 84, 264 S.W.3d 555 (2007). We will not reverse the circuit court's interpretation of its own decree unless its findings of fact are clearly erroneous. *Id.*

Paragraph 5 of the parties' divorce decree provides:

> 5. Defendant shall pay the sum of $400.00 per month to Plaintiff as support and maintenance for the minor child, Alec Christopher Brandt beginning with the entry of this Decree and up to and through July 31, 1999 at which time, beginning on August 1, 1999, Defendant's child support obligation shall be set pursuant to the Arkansas Family Support Chart. Said support shall be based on Defendant's annual income of $275,000.00 for the first year and Defendant shall pay Plaintiff 15% of his net income or $2,017.25 per month. Said 15% is based upon the following calculations, however, if the net amount of income as outlined below is less, the Defendant shall be entitled to a decrease in his monthly child support obligation and likewise, if the amount is more, the Plaintiff shall be entitled to an increase:

| | |
|---|---|
| Annual income | $275,000.00 |
| Federal income tax | 86,708.50 |
| State income tax | 18,422.88 |
| Social security | 4,501.20 |
| Medicare | 3,987.50 |
| | |
| ANNUAL NET INCOME | $161,379.92 |
| MONTHLY NET INCOME | $ 13,448.33 |
| WEEKLY NET INCOME | $ 3,103.46 |

> In addition, Defendant shall pay to Plaintiff 15% of any and all net bonuses within ten (10) days of receipt of said bonus. Defendant is scheduled to receive an increase in his annual income in July of 2000 to $325,000.00. Upon receiving said increase, Defendant's child support obligation shall increase according to the Arkansas Family Support chart or 15% of his net income and bonuses.

These provisions are not ambiguous. According to the terms of the decree, appellant was to pay $400 per month in child support through July 31, 1999. Beginning on August 1, 1999, appellant's child-support obligation was supposed to escalate to $2017.25 per month. This figure recognized the anticipated rise in appellant's annual income to $275,000 for the first year. The $2017.25 monthly child-support amount was based upon fifteen percent of the net amount of appellant's income after appropriate deductions, as shown above, were taken. The amount was to be increased or decreased if appellant's income was more or less than anticipated. In addition, the decree recognized that appellant's annual income was expected to increase again in July 2000 to $325,000. Appellant's child-support obligation was supposed to increase accordingly, *i.e.*, fifteen percent of the higher net income. For both 1999 and 2000, appellant was also supposed to pay fifteen percent of his net bonuses as additional child support.

While appellant increased his child-support payments based upon his 1999 salary increase, it is not clear whether he included his bonuses for that year in his calculations. He did not, however, increase his child-support payments following his July 2000 income increase.[1]

█ In the August 9, 2007 order, the trial court determined that appellant's child-support obligations under paragraph 5 of the decree were to increase automatically with any increases in appellant's annual income, even beyond the year 2000. However, we find no language in paragraph 5 of the decree that supports such an interpretation for automatic increases beyond the year 2000. Appellee has cited several out-of-state cases, which she contends contain language similar to paragraph 5 of the parties' divorce decree. *See Bunnell v. Rogers*, 263 Ga. 811, 440 S.E.2d 12 (1994); *Heinze v. Heinze*, 122 N.H. 358, 444 A.2d 559 (1982); *In re Marriage of Mahalingam*, 21 Wash. App. 228, 584 P.2d 971 (1978); *Golden v. Golden*, 230 Ga. 867, 199 S.E.2d 796 (1973); *Vollenhover v. Vollenhover*, 4 Ill. App. 2d 44, 123 N.E.2d 114 (1954). We find those cases to be distinguishable because, unlike here, the language relied upon in them is clearly designed to accomplish an automatic escalation.

For example, the automatic-increase provision in *Bunnel* provided in pertinent part: "Husband shall pay to Wife, on

---

[1] The record reflects that appellant paid the $2017.25 monthly sum from August 1, 1999, until the hearing resulting in the August 9, 2007 order.

Thursday of each week hereafter beginning July 16, 1981, the sum of $153.80 per week; which [weekly] payment shall, *beginning with the first week in June of each year hereafter, be increased* in direct proportion to the increase in Husband's gross wages . . . ." (Emphasis added.) In *Mahalingam*, the child-support provisions provided in pertinent part: "That *for every increase* in petitioner's net monthly earned income . . . *twenty (20) percent of petitioner's increase in net monthly earned income be added* to the $200 child support payment. That, in addition, petitioner shall *every six months starting on October 1, 1976, and continuing thereafter for the duration of the child support obligation, file with the registry of this court an affidavit . . . stating the amount of net annual earned increase thereto . . . .*" (Emphasis added.) In *Vollenhover*, the decree provided for automatic increases in child-support payments based upon designated increases in the father's earnings, to be determined on the basis of his W-2s or other similar verification. In summary, paragraph 5 of the parties' divorce decree contains no language providing for automatic increases in child support beyond 2000 and no mechanism for gathering income information beyond that year in order to calculate an increase in support.

█  From our review of the record, the arrearages calculations that were presented to the trial court in the hearing on this matter were agreed upon by the parties *only if* paragraph 5 were construed to provide for automatic increases beyond the year 2000. Because we have concluded that paragraph 5 does not provide for such automatic increases, we hold that the trial court's construction of paragraph 5 was clearly erroneous and, accordingly, that it was error for the trial court to adopt the "stipulated" arrearages. Additionally, although it is clear from the parties' divorce decree that appellant's 1999 and 2000 bonuses were to be included in the child-support calculations, it is not clear from the parties' calculations if that was done.

Upon remand, the child-support arrearages, based upon salary and bonuses, will need to be recalculated. *Paschal v. Paschal*, 82 Ark. App. 455, 117 S.W.3d 650 (2003). The increased child-support obligations for the years 1999 and 2000 were correctly determined to be self-executing under the divorce decree. The recalculations should be limited to the difference between the amount of child support that appellee actually received (based upon appellant's 1999 income) and the amount that she *should* have received (based upon appellant's actual salary increase for 2000 and his bonuses for the year 2000 and his bonuses for 1999, if the 1999

payments that were made did not include appropriate bonus amounts). Appropriate interest amounts should then be based upon these recalculations. *See* Ark. Code Ann. § 9-14-233(a) (Repl. 2008). In short, while the evidence showed that appellant's income in subsequent years increased considerably beyond the amounts that he received in 2000, and while it may well have been appellee's desire to have child support automatically increase with appellant's increased income, we have concluded that the language in the decree did not provide for such automatic increases beyond the year 2000.

Reversed and remanded.

BIRD and MARSHALL, JJ., agree.