2010 Ark. App. 720

**Bobby W. ALLEN, Sr., Thomas F. Long, Allied International, Inc., and Allied POwder Coating, Inc., Appellants**

v.

**Richard O. MURPHY, Appellee.**

**No. CA 10–22.**

Court of Appeals of Arkansas.

Oct. 27, 2010.

James A. Johnson Jr. and Paul G. Buchmann, Glanker Brown, PLLC, Memphis, TN, for appellants.

Marshall Alan Wright, Brad J. Beavers and R. Alan Cline, Sharp, Beavers, Cline & Wright, Forrest City, for appellee.

WAYMOND M. BROWN, Judge.

This appeal involves questions of set offs of two judgments against one another. The Lee County Circuit Court held that the two judgments extinguished one another. This appeal challenges that ruling. We affirm.

In 2001 and 2002, appellee Richard Murphy guaranteed two promissory notes executed by Arkansas Powder Coating, LLC, a company Murphy formed, in favor of First National Bank of Marianna (the bank) in the aggregate sum of $350,000. By July 2003, both notes were in default. The bank filed suit to collect on the notes. Murphy filed a third-party complaint against appellants Bobby Allen; Thomas Long; Allied Powder Coating, Inc.; and Allied International, Inc. (collectively, Allen), alleging that Allen breached a series of agreements whereby Allen would purchase Arkansas Powder from Murphy and pay Murphy for his equity in the company.

On November 9, 2006, the circuit court entered its judgment in the collection suit. The judgment incorporated an extensive letter opinion issued by the court on September 25, 2006, and a clarification letter issued on September 30, 2006. The bank was awarded judgment against Murphy

and Arkansas Powder, jointly and severally, in the aggregate principal sum of $418,915.05, together with per diem interest, insurance costs, court costs, and an attorney's fee of $41,891. Murphy was awarded judgment against Allen in the sum of $75,000, representing the balance due Murphy under an equity purchase agreement. Murphy was also granted contribution against Allen for the judgment granted the bank against Murphy on the two notes.[1] Finally, Murphy was granted judgment against Allied Powder Coating, Inc., in the sum of $8656 for business expenses Murphy paid on behalf of Allied.

By bill of sale dated May 30, 2008, the bank sold and assigned its interest in the 2006 judgment to Allen for the sum of $325,000. Two weeks later, Murphy filed a "Motion for Satisfaction of Judgment" asserting that the assignment of the bank's judgment to Allen constituted a satisfaction of the judgment because Murphy was entitled to contribution from Allen for any payment he made on the judgment. Allen filed an answer to the motion, denying the material allegations. He also asserted that Murphy had unclean hands because Murphy had enrolled the judgment in a Tennessee state court in the amount of approximately $660,000 and collected more than $26,000 by a garnishment in the Tennessee court.

Following a hearing, the circuit court issued a letter opinion dated March 31, 2009. The court recounted the findings contained in the two September 2006 letter opinions and the judgment entered on those letter opinions, together with the parties' arguments. The court noted that the purchase of the bank's judgment against Murphy by Allen did not, by itself, act as a discharge of all parties to this litigation. The court noted that Allen and Murphy were not co-debtors or co-obligors on the notes to the bank. The court found that Murphy was entitled to a satisfaction of the bank's judgment against him because the obligations are due each other. The court noted that Allen was required to contribute 100% of that which Murphy was required to pay to Allen as the judgment holder. The court held that, although the judgments offset each other, Allen was entitled to judgment against Murphy for $26,000, the amount Murphy obtained by means of execution in the Tennessee courts.

On June 25, 2009, the court issued a letter opinion clarifying its March 31, 2009 letter opinion and addressing several other issues. The court first addressed Allen's argument that the court entered the November 2006 judgment in favor of the bank against Murphy but not against Allen. The court noted that in its 2006 letter opinions, it ordered that Murphy have "contribution and payment" against Allen should Murphy be required to pay the judgment in favor of the bank. The court also noted that the judgment incorporated the two letter opinions, which made them part of the judgment. The court explained that Allen was required to pay all sums Murphy had to pay the bank. Finally, the court recognized that, in addition to contribution and payment of the judgment in favor of the bank, Murphy held other,

---

1. The circuit court's original September 25, 2006 letter opinion found that Murphy was entitled to "contribution" from Allen on the judgment in favor of the bank against Murphy. However, the court's clarification letter of September 30, 2006, held that Murphy was entitled to "contribution and payment" from Allen on the bank's judgment. Both letters were specifically incorporated into and became a part of the court's judgment. *See Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967); *Moses v. Dautartas*, 53 Ark.App. 242, 922 S.W.2d 345 (1996).

separate ⌊4⌋judgments against Allen ($75,-000 for breach of the sales agreements and $45,000 for attorney's fees). This resulted in the deletion from the original letter opinion of the provision that Allen held a judgment against Murphy for the money obtained by execution in the Tennessee courts.

The court's Amended and Substituted Order was entered on August 27, 2009. This order declared that the bank's judgment against Murphy on the two notes and held by Allen was satisfied in full. This appeal followed.

■ In bench trials, the standard of review on appeal is not whether there is substantial evidence to support the finding of the circuit court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence.[2] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed.[3] Facts in dispute and determinations of credibility are within the province of the fact-finder.[4]

Arkansas law has long recognized that money judgments may be set off against each other.[5] In this appeal, Allen does not dispute that Murphy is entitled to a set off but argues that the court misapplied the statute. He also argues that the circuit court improperly modified its 2006 judgment to award Murphy indemnification instead of contribution. Murphy's argument is that because he is entitled to contribution against Allen for any sums he pays on the judgment ⌊5⌋Allen purchased from the bank, he and Allen hold judgments against each other for the same amount and, therefore, they extinguish each other.

Allen relies on the supreme court's decision in *Whetstone v. Atlas Drilling & Production Co.*,[6] as the controlling law. The supreme court in *Whetstone* held that the mere assignment of a judgment did not serve to extinguish or satisfy the judgment unless the parties so intended. The circuit court agreed with Allen on this point and found that the judgment was not satisfied simply because the bank sold the judgment to Allen. Beyond this, however, *Whetstone* is of little assistance because it did not involve the set-off of judgments.

■ We hold, instead, that this appeal is controlled by our decision in *Roberts v. Feltman*,[7] which was initially decided by the same trial judge as the present case. In *Roberts*, the Arkansas Industrial Development Commission (AIDC) filed a foreclosure action against Roberts and Feltman, former business partners. Feltman filed a cross-complaint seeking indemnification against Roberts, alleging that Roberts had converted the proceeds from the AIDC loan to his personal use. The trial court ruled in favor of AIDC on its complaint and in favor of Feltman on his cross-complaint. Feltman was awarded judgment against Roberts for "reimbursement and contribution" for any sums Feltman paid on AIDC's judgment. After the property was sold, Roberts paid AIDC $40,000 and was assigned all of AIDC's rights in the judgment. After learning of the AIDC assignment to Roberts, Feltman filed a petition seeking to have the judg-

2. *Williams v. Wayne Farms, LLC*, 368 Ark. 93, 243 S.W.3d 316 (2006).

3. *Id.*

4. *Id.*

5. Ark.Code Ann. § 16–65–603(a) (Repl.2005); *Atkinson v. Pittman*, 47 Ark. 464, 2 S.W. 114 (1886).

6. 241 Ark. 487, 409 S.W.2d 322 (1966).

7. 55 Ark.App. 142, 932 S.W.2d 781 (1996).

ment against him satisfied, arguing that the AIDC assignment resulted in the merger of AIDC's and Roberts's interests in the judgment. The trial court entered an order declaring the judgment in favor of AIDC satisfied. We affirmed, holding that the lower court was not clearly erroneous in doing so.

Allen attempts to distinguish *Roberts* on the basis that Roberts and Feltman were joint obligors on the note to AIDC while he and Murphy were not joint obligors on the two notes in the present case. That is true, and the circuit court recognized this in its letter opinion. However, *Roberts* did not turn on whether the parties were joint obligors. It was the fact that each party held a judgment against the other for the very same amount that resulted in the satisfaction of the judgments.

Allen next argues that the court improperly modified the 2006 judgment to award Murphy indemnity instead of contribution, and in doing so, committed clear error. In the court's letter opinion, which was incorporated into the 2006 judgment, the circuit court awarded Murphy "contribution and payment" from Allen. Allen acknowledges this but ignores the "and payment" language, contending that it is meaningless and that contribution and indemnity have distinct legal meanings.

While we agree that contribution and indemnity are separate concepts with distinct meanings, we cannot agree with Allen's contention that the "and payment" language used in the 2006 judgment is meaningless. As a general rule, judgments are construed like any other instru-

ment; the determinative factor is the intention of the court as gathered from the judgment itself and from the record.[8] We will not reverse the circuit court's interpretation of its own judgment unless its findings of fact are clearly erroneous.[9] Here, the circuit court interpreted the "contribution and payment" language in its 2006 judgment as providing that Allen would pay all sums that Murphy had to pay on the judgment that Allen subsequently purchased from the bank. Payment is the discharge of a debt or obligation.[10] Therefore, by use of the "and payment" language in the 2006 judgment, the circuit court clearly ordered Allen to satisfy Murphy's obligation to the bank contained in the judgment. To accede to Allen's position would be to render the "and payment" language in the 2006 judgment superfluous, which we cannot do.[11]

Allen next argues that the statute only allows "money judgments" to be set off against one another and the circuit court's 2006 judgment did not create a "money judgment" in favor of Murphy by use of the "contribution and payment" language. However, *Roberts* allowed a set off in a situation where the judgment used similar language—"reimbursement and contribution"—to the judgment in the present case. Therefore, the circuit court was not clearly erroneous in ordering the set-off.

Finally, Allen argues that he owns property, the bank's judgment against Murphy, that cannot be taken without due process of law. The short answer to this argument is that it was never presented to the circuit court or ruled upon by that court. It is

**8.** *Kennedy Funding, Inc. v. Shelton*, 100 Ark. App. 84, 264 S.W.3d 555 (2007).

**9.** *Id.*

**10.** *Elk Horn Bank & Trust Co. v. Spraggins*, 182 Ark. 27, 30 S.W.2d 858 (1930); *see also*

*Black's Law Dictionary* 1243–44 (9th ed.2009).

**11.** *Rausch Coleman Homes, LLC v. Brech*, 2009 Ark. App. 225, 303 S.W.3d 456.

well settled that we will [8]not address an issue raised for the first time on appeal.[12]

Because there is no meaningful way to distinguish the present case from *Roberts*, we cannot say that the circuit court was clearly erroneous in ordering the judgments deemed satisfied.

Affirmed.

ABRAMSON and HENRY, JJ., agree.

**12.** *Dillard v. Wade*, 74 Ark.App. 38, 45 S.W.3d 848 (2001).