2011 Ark. App. 581

**William AUSTIN, Appellant**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES,**
**Appellee.**

**No. CA 11–145.**

Court of Appeals of Arkansas.

Oct. 5, 2011.

Tabitha Baertels McNulty, Little Rock, for appellee.

JOHN MAUZY PITTMAN, Judge.

An adjudication order was entered on January 4, 2010, finding the involved juveniles dependent-neglected and that appellant had sexually abused his three-year-old daughter, C.A. On August 18, 2010, appellant filed a motion to vacate that order and for a new trial, asserting that C.A.'s mother had perpetrated a fraud upon the court by forcing the child to lie about the abuse and that appellant had obtained newly discovered evidence that the child had recant-

ed. After a hearing, the trial court found that the asserted newly discovered evidence was not sufficiently credible to warrant a new trial. On appeal, appellant contends that the trial court erred in finding the proffered evidence to be lacking in credibility and in denying his motion for a new trial. We affirm.

■■ Newly discovered evidence is one of the least favored grounds to justify a new trial. *Clark v. State,* 358 Ark. 469, 192 S.W.3d 248 (2004). The decision whether to grant or deny a motion for new trial lies within the sound discretion of the circuit court. *Id.* We will not reverse a circuit court's order granting or denying a motion for a new trial unless there is a manifest abuse of discretion. *Id.* A manifest abuse of discretion means discretion improvidently exercised, *i.e.,* exercised thoughtlessly and without due consideration; furthermore, the burden is on the movant to show that he could not with reasonable diligence have discovered and produced the evidence at the time of the trial, that the evidence is not merely impeaching or cumulative, and that the testimony would have changed the result of the trial. *Metzgar v. Rodgers,* 83 Ark.App. 354, 128 S.W.3d 5 (2003). We will not reverse a circuit court's factual determination on a motion for new trial unless it is clearly erroneous, and the issue of witness credibility is for the circuit judge to weigh and assess. *Clark v. State, supra.*

It appears that a key issue at the prior hearing was whether the sexual abuse of C.A. had been perpetrated by appellant or instead by Patrick Ramirez. The allegations against Mr. Ramirez were found to be unsubstantiated, and appellant was found to have been the abuser. C.A. had been unable to qualify as a witness at the prior hearing; when called to testify, she smiled and giggled but was otherwise unresponsive.

The motion to vacate and for new trial was based on the testimony of a registered nurse licensed as a mental-health professional who interviewed the child when she was five years old concerning events that had occurred two years earlier. The interview was occasioned by a report by the child's paternal grandmother, with whom the child was living, that C.A. had recanted her prior statement that her father had abused her. The child's case manager consequently went to the grandmother's home and talked to C.A. about the report. The nurse went there to talk to the child shortly thereafter. While her grandmother was present in the home, during a discussion about places where she felt safe, C.A. told the nurse that she did not feel safe with her mother because her mother told her to lie about her father touching her and that her mother was going to spank her if she did not lie. The nurse stated that she had formed no opinion regarding the credibility of C.A.'s recantation. The trial court, noting ·that the child's statement had been filtered through many sources before being repeated to the nurse, found that it lacked a reasonable guarantee of trustworthiness.

■■ Hearsay is generally inadmissible. Among the numerous exceptions to this general rule is Ark. R. Evid. 804(b)(6), which provides in pertinent part:

Child Hearsay in civil cases in which the Confrontation Clause of the Sixth Amendment of the Constitution of the United States is not applicable. A statement made by a child under the age of ten (10) years concerning any type of sexual offense, or attempted sexual offense, with, on, or against the child, provided:

(A) The trial court conducts a hearing outside the presence of the jury and finds that the statement offered possesses a reasonable guarantee of

trustworthiness. The trial court may employ any factor it deems appropriate including, but not limited to those listed below, in deciding whether the statement is sufficiently trustworthy.

1. The spontaneity of the statement.

2. The lack of time to fabricate.

3. The consistency and repetition of the statement and whether the child has recanted the statement.

4. The mental state of the child.

5. The competency of the child to testify.

6. The child's use of terminology unexpected of a child of similar age.

7. The lack of a motive by the child to fabricate the statement.

8. The lack of bias by the child.

9. Whether it is an embarrassing event the child would not normally relate.

10. The credibility of the person testifying to the statement.

11. Suggestiveness created by leading questions.

12. Whether an adult with custody or control of the child may bear a grudge against the accused offender, and may attempt to coach the child into making false charges.

13. Corroboration of the statement by other evidence.

14. Corroboration of the alleged offense by other evidence.

We are puzzled by the trial judge's remarks concerning the qualifications of the nurse as a licensed mental-health professional as opposed to a licensed therapist. In any event, this distinction, even if lacking validity in this case, caused no prejudice to appellant because the nurse herself testified that she had formed no opinion as to the truthfulness of the child's statement.

Given the possibility for suggestive questioning or coaching under the circumstances, and considering the child's place of residence and her custodian's relationship to appellant, we cannot say that the trial court clearly erred in finding that the statement lacked sufficient reasonable guarantees of trustworthiness to be deemed credible. Because the circuit court did not find the hearsay testimony to be credible, it follows that it would not have impacted the outcome of the case, *see Clark v. State, supra,* and we hold that the circuit court did not manifestly abuse its discretion in denying appellant's motion to vacate and for new trial.

Affirmed.

ROBBINS, J., agrees.

HART, J., concurs.

JOSEPHINE LINKER HART, J., concurring.

I agree that this case should be affirmed, but I simply cannot subscribe to the majority's rationale. Unlike the majority, I am not "puzzled" by the trial judge's reasons for excluding Nurse Samantha Costner's testimony under Arkansas Rule of Evidence 804(b)(6). The trial judge clearly stated her reasons for her evidentiary rulings, and I disagree with those reasons because they are not well-grounded in the law. Nurse Costner testified that the child made her statement in response to her question regarding whether she felt safe with her mother. Certainly such a question does not suggest an answer or even that the child should talk about her prior allegations of sexual abuse allegedly perpetrated by her father.

Nonetheless, the trial judge excluded the testimony because she did not believe that the "testimony of the child" had a "reasonable guarantee of trustworthiness" for several reasons. First, the judge stat-

ed that although Nurse Costner was a licensed mental-health professional who is "allowed to do therapy with this license," she did not have the same training and education of a licensed therapist. Second, the judge noted that Nurse Costner was aware that the child had recanted to other persons and may have "consciously or unconsciously" asked questions resulting in the child repeating the statement, and she expressed doubt as to whether the child's statement "would have resulted in the course of the appropriate protocol." Finally, the trial judge noted her "biggest concern" was the testimony that the child had talked to the case manager and that she "has absolutely no information about what the case manager said or did not say, what the case manager asked or did not ask or where the conversation occurred or who was present." Further, the judge opined that "generally, case managers do not have the education and training and licensure that is required to interview children about sexual offenses."

It is obvious to me, and apparently also to my puzzled brethren, that the trial judge was suffering from the misguided belief that only a statement elicited in a formal forensic child-sexual-abuse interview would constitute competent evidence in this circumstance, and only individuals trained in conducting such interviews should even be allowed to speak to an alleged child-victim. This is clearly not the law, and this mistaken belief on the part of the trial judge has tainted not only the proceedings that we have before us, but also the prior adjudication where the trial judge prohibited Mr. Austin's trial counsel from attempting to question the child on the witness stand. It is wholly disingenuous for the majority to excuse such an obvious abuse of discretion by asserting that Mr. Austin suffered "no prejudice." I submit that it is highly probable that Mr. Austin suffered prejudice;

he chose to base his entire case on Nurse Costner's testimony.

I nonetheless believe that this case must be affirmed because Mr. Austin failed to meet the heavy burden required by Rule 60(c) of the Arkansas Rules of Civil Procedure. It is settled law that we may affirm if the trial court reaches the right result but asserts the wrong reason. *Hyden v. Circuit Court of Pulaski County*, 371 Ark. 152, 264 S.W.3d 493 (2007). As grounds for setting aside the adjudication, Mr. Austin asserted both that he had newly discovered evidence and that the child's original testimony had been procured by fraud.

As the majority correctly notes, newly discovered evidence is not favored as a reason for justifying a new trial. *Sims v. First State Bank of Plainview*, 73 Ark. App. 325, 331, 43 S.W.3d 175, 179–80 (2001). Generally, the reviewing court will find no abuse of discretion in refusing to grant a new trial where a trial court bases its decision on a credibility determination. *Lee v. Lee*, 330 Ark. 310, 954 S.W.2d 231 (1997) (holding that the trial court did not abuse its discretion in refusing to grant a new trial where it was asserted by the noncustodial parent that the custodial parent had made statements that were contrary to his trial testimony). In the instant case, the trial court was made aware that the child had accused a person other than her father of committing the sexual abuse and that this accusation had been determined to be unfounded. Accordingly, I cannot find an abuse of discretion on the part of the trial court for rejecting Mr. Austin's claim that there was newly discovered evidence.

Likewise, I find Mr. Austin's case lacking with regard to his proof of fraud. The party seeking to set aside a judgment for fraud pursuant to Rule 60(c)(4) has the burden of proving fraud by clear, cogent,

and convincing evidence or clear, strong, and satisfactory proof. *Bullock v. Barnes,* 366 Ark. 444, 236 S.W.3d 498 (2006). As noted previously, the child's credibility was impeached by subsequent unfounded allegations, and this fact was brought to the attention of the trial court.

|₈Clearly Mr. Austin could have attempted to present a stronger case. In his petition, he alleged that the child had made statements similar to the one she made to Nurse Costner to other individuals, yet he only called the nurse. In her statement, the child claimed that her mother, Cassie Dieu, had coerced her to make a false accusation against Mr. Austin. However, Mr. Austin did not confront Ms. Dieu or even attempt to call her as a witness. At the hearing, Mr. Austin did not even attempt to show in what respect the child's statement differed from the statement that was admitted in the adjudication hearing. Under these facts, I cannot conclude that the trial court abused its discretion in refusing to set aside the adjudication.