Michael PAINE *v.* Timothy WALKER
and Rose Walker

CA 01-232                                              61 S.W.3d 925

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered December 12, 2001

*Lingle & Fulcher, PLLC*, by: *H. Clay Fulcher* and *James G. Lingle*; and *Coxsey & Coxsey*, by: *Kent Coxsey*, for appellant.

JOSEPHINE LINKER HART, Judge. Appellant, Michael Paine, appeals from the chancellor's decree settling the accounts of appellant and appellee Timothy Walker, after the parties dissolved their partnership, W.P. Farms. Mr. Paine argues that the chancellor erred in determining that an intervenor to the lawsuit, appellee Rose Walker, held a life estate in certain property that she deeded to the partnership. Further, he argues that the chancellor erred in permitting Mr. Walker to introduce hearsay testimony regarding their respective cash capital contributions to the partnership. Finally, he generally argues that the chancellor failed to follow the dictates of the Uniform Partnership Act in winding up the partnership. We reverse on the first two issues and remand for a new trial without addressing Mr. Paine's final point.

According to the chancellor's order, in 1991 Mr. Paine and Mr. Walker entered into a partnership under the name of W.P. Farms for the purpose of engaging in farming operations, with the parties agreeing to share profits and losses equally. In mid-September of 1998, the parties agreed to dissolve the partnership but failed to reach an enforceable agreement as to how the parties would settle their accounts. In settling the accounts, the chancellor made several dispositions regarding property in the partnership.

In particular, in December of 1994, the intervenor, appellee Rose Walker, deeded to the partnership approximately seventy acres, further providing as follows:

> The right to live in the dwelling located on the NWfr1/4 pf (sic) tje (sic) NWfrl1/4 Section 5, Township 19 North, Range 24 West is hereby reserved by Grantor, Rose Walker, for as long as she desires to live there.

In settling accounts, the chancellor concluded that Ms. Walker conveyed by general warranty deed a gift to the partnership. Further, the chancellor determined that she reserved a life estate in the 29.92 acres described above and the home located there.

On appeal, Mr. Paine argues that the chancellor erred in finding that Ms. Walker held a life estate in the entire 29.92 acres. We agree. The above-quoted language closely resembles that in *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001), where the deed provided that the grantor "reserves for herself the exclusive

right to use and occupy the residence situated on said land for and during the remainder of her lifetime." *Middleton*, 344 Ark. at 580, 43 S.W.3d at 119. The Arkansas Supreme Court concluded that such language reserved only a life estate in the residence, not in the land. *Id.* Because of the similarity of the language in the case at bar and *Middleton*, we conclude that the chancellor erred in finding that Ms. Walker held a life estate in the 29.92 acres, rather than just the dwelling.

In his order, the chancellor further concluded that Mr. Paine provided cash contributions of $46,628.42 and Mr. Walker provided cash contributions of $126,849.18, the same figures that Mr. Walker presented in his testimony. On direct examination, Mr. Walker testified that money was placed in various accounts for partnership business. Mr. Walker was asked whether "based on your looking at those accounts and adding up the figures," how much both he and Mr. Paine had put into the partnership, and Mr. Walker provided the above-referenced figures without further elaboration.

On cross examination, however, Mr. Walker admitted that he did not have any records and that he relied on what he was told by the bank. Mr. Paine objected, arguing that the testimony was hearsay. In the decree, the chancellor noted that evidence of these totals came from Mr. Walker's testimony that was admitted over Mr. Paine's hearsay objection and that Mr. Walker testified that the totals were "compiled by the First National Bank of Berryville, Arkansas." The chancellor found that Mr. Walker's testimony was admissible under the business-records exception to the hearsay rule.

On appeal, Mr. Paine argues that the court's ruling was error. We agree. As an exception to the hearsay rule, Rule 803(6) of the Arkansas Rules of Evidence permits the admission of business records.[1] For a record to be admitted under this exception it must be: (1) a record or other compilation, (2) of acts or events, (3) made at or near the time the act or event occurred, (4) by a person with

---

[1] The exclusion from the hearsay rule provided in Rule 803(6) is as follows:

(6) *Records of Regularly Conducted Business Activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or disgnoses [sic], made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

knowledge, or from information transmitted by a person with knowledge, (5) kept in the course of regularly conducted business, (6) which has a regular practice of recording such information, (7) all as known by the testimony of the custodian or other qualified witness. *Edwards v. Stills*, 335 Ark. 470, 511, 984 S.W.2d 366, 388 (1998). One who offers evidence has the burden of showing its admissibility, and we will not reverse the court's decision to permit introduction of the evidence absent an abuse of the court's discretion. *Id.*

■ ■ In the decree, the chancellor specifically noted that the cash-contribution figures were "derived from [Mr. Walker's] testimony that these totals were compiled by the First National Bank of Berryville, Arkansas." Thus, Mr. Walker presented only bald figures that were derived from bank records by someone at the bank. Even if we assume that Mr. Walker's testimony was a "compilation," he failed to present any evidence that his "compilation," which was made by someone at the bank, was "made . . . by, or from information transmitted by, a person with knowledge." *See* Ark. R. Evid. 803(6). As we have previously noted, "the party offering the record must . . . establish by a competent witness that its content is worthy of belief." *Marshall Trucking Co. v. State*, 23 Ark. App. 110, 114, 743 S.W.2d 16, 18 (1988) (holding that a company that integrated another company's records into its own records failed to establish that the other company's records were trustworthy). Moreover, there was no evidence that the "compilation" was "kept in the course of a regularly conducted business activity," as opposed to some other special purpose, that is, for the purpose of litigation. *See* Ark. R. Evid. 803(6); *Parker v. State*, 270 Ark. 897, 606 S.W.2d 746 (1980) (holding that there was no foundation to prove that a list of checks prepared by a bank vice-president were kept in the regular course of business and instead the records were prepared for a specific purpose). Because Mr. Walker failed to establish that his "compilation" fit within the business-records exception to the hearsay rule, we must conclude that the chancellor abused his discretion in admitting the testimony under this exception. *Compare Smith v. Citation Mfg. Co.*, 266 Ark. 591, 597-98, 587 S.W.2d 39, 42 (1979) (holding that the chancellor properly excluded an unaudited financial statement prepared by an accountant where the statement was not properly authenticated and no basis was laid for it being admitted as a business record) with *Ward v. Gerald E. Prince Constr., Inc.*, 293 Ark. 59, 62-63, 732 S.W.2d 163, 165 (1987) (holding that witness's testimony unquestionably identified a summary document she prepared as a business record).

■ Finally, Mr. Paine argues that the chancellor erred in not according him his rights under the Uniform Partnership Act. Specifically, he argues that the chancellor erred by failing to order an accounting and by failing to allow him to manage partnership assets. Mr. Paine, however, failed to show this court where he made related requests for relief that were adversely ruled upon by the chancellor. Nevertheless, we do not doubt that on retrial the chancellor will accord Mr. Paine whatever rights he may have under the Uniform Partnership Act. Mr. Paine further argues, as he stressed to the chancellor in his motion for a new trial, that his and Mr. Walker's contributions to the partnership were not properly accounted for by the chancellor. On remand, Mr. Paine and Mr. Walker will undoubtedly readdress, with greater specificity, the issue of their respective contributions to the partnership. Because of the considerable likelihood that the evidence presented at the new trial will be substantially different than the evidence presented here, we do not address Mr. Paine's argument at this time. Finally, on remand the chancellor should determine how much land is reasonably necessary to accompany the residence reserved by Ms. Walker and provide for legal access to a public road from the residential tract.

Reversed and remanded.

STROUD, C.J., and JENNINGS, GRIFFEN and CRABTREE, JJ., agree.

BIRD, J., agrees in part and dissents in part.

SAM BIRD, Judge, dissenting. I agree that this case must be reversed and remanded on the first point because of the chancellor's error in concluding that Rose Walker owned a life estate in 29.92 acres. However, I do not agree that the case must also be reversed on the second point because I believe that it is within the chancellor's discretion to determine whether a sufficient foundation had been laid to admit Timothy Walker's testimony about the partnership's bank-account records under the business-records exception to the hearsay rule.

This was an action for the dissolution and winding up of a partnership. To accomplish those purposes, the court was required, under Ark. Code Ann. § 4-42-612(b), to ascertain the partnership assets, sell the assets, pay the debts, and distribute the surplus, if any, according to the respective capital contributions of the partners. In the presentation of its case-in-chief, Paine, the appellant, produced no evidence from which the court could determine the amount of

the capital contributions of the partners. After Paine rested, Timothy Walker, the appellee, testified that according to the partnership's bank-account records, he had contributed $126,849.18 to the partnership capital, while Paine had contributed $46,628.43. Walker's testimony was initially admitted without objection. Then, only after cross-examination, when it was discovered that Walker did not have the bank-account records physically present in court, did Paine object to Walker's testimony as hearsay.

From the abstract, it appears that Walker testified as follows on direct examination:

> We have gone back and looked at the accounts to see how much money I put in as compared to how much money the Paines put in. The Paines put in $46,628.42. I put in $126,849.18, so I put in approximately $80,000 more than they did.

Then, on cross-examination, Walker testified:

> I figured out how much each of us put into the partnership whenever we pulled all of the receipts. First National Bank did that for me. I'd put a bunch in and they had put a bunch in too. I didn't know how much. I didn't have those —. So far as whether I relied on what somebody told me from the bank, they have the records.

The majority has concluded that Walker's testimony was inadmissable as hearsay, and not subject to the business-records exception, because he "presented only bald figures that were derived from the bank records by someone at the bank." I believe the majority has misread or erroneously interpreted Walker's testimony. During direct examination, Walker clearly stated that "[w]e have gone back and looked at the accounts. . . ." Then, on cross-examination, he testified that "I figured out how much each of us put into the partnership whenever we pulled all the receipts. First National Bank did that for me." To me, this testimony is more reasonably interpreted to mean that Walker went back and looked at the bank account records that the Bank "pulled" from the records it had, and that, from those records, Walker determined the capital contributions of each of the partners. For the majority to conclude that Walker meant that "the figures were derived from bank records by someone at the bank," disregards Walker's statements that "we have gone back and looked at the accounts" and "I figured out how much each of us put into the partnership." The majority has also concluded that by his statement, "First National Bank did that for me," Walker must have meant that someone at the bank looked at

the account records and made the calculations, completely disregarding Walker's testimony that *he* looked at the accounts and *he* figured the amounts of the partners' contributions.

Given what I believe to be the more reasonable interpretation of Walker's testimony, I am unwilling to say that the chancellor erred in concluding that Walker's testimony about his calculations of the amounts of the partners' capital contributions to the partnership was within the business-records exception to the hearsay rule.

The practical effect of the majority opinion is to open the door for Paine to cure the deficiency in his case-in-chief that resulted from his failure to offer any proof whatsoever of the amounts of the partner's capital contributions to the partnership. That deficiency was cured by Walker's testimony that he had looked at the records and determined the amounts. The records Walker reviewed were partnership's checking-account records, equally accessible to either partner. Although Paine complains in his brief that he was denied access to partnership records, such denial is not borne out by the record. The record reflects that Walker responded to all of Paine's discovery requests and that Paine filed no motions to compel discovery other than to require Walker to identify his trial witnesses. It appears to me that the majority has decided to give Paine a second chance to cure his failure to produce evidence at the first trial without any showing by Paine that the evidence at the new trial will be any different than it was at the first.

For the foregoing reasons, I dissent to the reversal as to Paine's second point.