Cite as 2021 Ark. App. 373

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-19-838

| | |
|---|---|
| EVELYN CHISM<br><br>APPELLANT<br><br>V.<br><br>JAMES R. CHISM<br><br>APPELLEE | OPINION DELIVERED October 6, 2021<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15DR-14-18]<br><br>HONORABLE DAVID H. MCCORMICK, JUDGE<br><br>AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## ROBERT J. GLADWIN, Judge

This divorce case returns to us. *See Chism v. Chism*, 2018 Ark. App. 310, 551 S.W.3d 394 (*Chism II*).[1] This time, the dispute is over the circuit court's denial of appellant Evelyn Chism's postremand motion to clarify its earlier orders awarding appellee James R. Chism (Jim) a portion of her postal service retirement pay and other sums. The court ruled that it did not have jurisdiction to do so. Evelyn also raises an evidentiary issue. We agree with Evelyn that the circuit court had jurisdiction to consider her motion and reverse and remand for further proceedings. We affirm the circuit court's evidentiary ruling.

---

[1]As explained in more depth below, this is actually the third appeal between the parties. The first appeal was *Chism v. Chism*, No. CV-16-337 (*Chism I*) (Ark. App. filed April 15, 2016). No briefs were filed in *Chism I*. Instead, Evelyn filed a motion to remand the case to the circuit court because there were further judicial actions waiting to be taken, making the decree not final. We granted the motion and dismissed the appeal on June 8, 2016.

## I. *Background*

This case has had a long and tortured history, all of which is necessary to understand the issues in this appeal. As we stated in *Chism II*, this was the second marriage between Evelyn and Jim. Their first marriage ended in divorce in 1987. They remarried in 1993. During the marriage, Evelyn worked for the postal service. The parties were divorced for the second time pursuant to a decree entered on December 17, 2015. The circuit court found that any retirement benefits Evelyn had earned from her employment with the postal service were marital property and awarded Jim one-half of those benefits as well as any retirement benefits Evelyn had drawn during the pendency of the divorce. The decree also required Evelyn to provide the court with a statement showing the total amount of retirement benefits she had drawn since the divorce complaint was filed in January 2014 through the effective date of a qualified domestic-relations order (QDRO). Jim was awarded judgment for one-half this amount, but no amount of the judgment was stated.

On March 14, 2016, the court entered a QDRO to effectuate the division of Evelyn's retirement benefits. The QDRO provided, in pertinent part, "The Defendant, James R. Chism, is entitled to one–half (1/2) of the Plaintiff, Evelyn Chism's (a.k.a. Mary E. Chism's) gross annuity under the Federal Employees Retirement System." The U.S. Office of Personnel Management (OPM) was directed to pay Jim's share directly to him.

We dismissed the appeal and cross-appeal from those orders for lack of a final order on June 8, 2016. *Chism I*, *supra* (Ark. App. June 8, 2016) (order dismissing appeal without prejudice).

2

On remand, the circuit court entered an order on October 28, 2016, that included an Arkansas Rule of Civil Procedure 54(b) certificate to resolve the finality issues that were identified in *Chism I*. This order granted judgments in favor of Jim for approximately $6,400 for his payment of marital expenses such as mortgage and utility payments, taxes, insurance, and the like during the pendency of the divorce. The order also noted that this judgment had been satisfied. Evelyn was also ordered to pay approximately $3,800 for the September expenses. The order further provided that Jim was entitled to one-half of Evelyn's gross monthly retirement benefits of $1,280 and that he would have judgment for that amount through the sale of the parties' property. No amount of this judgment was stated.

On February 1, 2017, the circuit court entered an order disposing of Jim's third-party complaint attempting to set aside the conveyances of a surface interest to their son James Gregory Chism (Greg) and the remainder mineral interest to both Greg and Evelyn. This order also included a Rule 54(b) certificate.

Appeals were again taken, leading to our opinion in *Chism II* where we reversed the circuit court's award to Jim of one-half of Evelyn's income and retirement benefits that she had held in a separate account. We held that there was no evidence Evelyn was attempting to defraud Jim that would support such an award. We also addressed other issues not relevant to this appeal.

Our opinion in *Chism II* was issued on May 16, 2018. After we denied rehearing and the supreme court denied Jim's petition for review, the mandate issued on September 20, 2018.

On November 2, 2018, Jim filed what was styled a "Post Petition Status Petition" in which he sought a judgment against Evelyn for the sums due from the division of her retirement benefits. According to Jim, he should have been paid a total of $36,480 from January 2014 until October 1, 2018, together with interest. He alleged that he received payments totaling $2,315.22 between April 2017 and July 2018. With interest added and credit given for payments received, Jim claimed he was owed $37,812.78 as of October 1, 2018.

Evelyn moved to modify the amount Jim was to receive under the October 2016 order. She alleged that OPM had advised her that her gross monthly retirement amount was actually $442 rather than $1,280 as had been stated in the October 2016 order. She further asserted that her payments had been suspended for a period of time before being reinstated. Attached to the motion was correspondence from OPM supporting her allegations. Jim responded to the motion, asserting that it was untimely as a motion under Arkansas Rule of Civil Procedure 60 and barred by res judicata.

Evelyn filed a reply to Jim's responses, denying his allegations. She also asserted that the court had jurisdiction to modify the prior orders under our decision in *Treloggen v. Treloggen*, 2018 Ark. App. 596, 567 S.W.3d 515.

At trial, Jim testified that he began receiving payments from OPM in April 2017, and that he prepared an exhibit showing the payments he had received. According to Jim's calculations, he was owed approximately $36,000. However, the court said that it would disregard that calculation.

4

Evelyn testified that she had filed a statement with the court on December 31, 2015, styled "Notice of Annuity Adjustment," advising that the amount of her gross annuity payment had decreased from $1,280 a month to $425 a month. She said that she had been drawing the $1,280 amount for five years—back to her 2009 retirement—prior to the divorce. She testified that the change occurred in August 2015 but that she was unaware of it until later. She also attempted to introduce documents from OPM that further supported her testimony, but the circuit court ruled that those documents were hearsay. Evelyn also testified that her last payment from OPM was received in January 2017. She further said that her retirement payment had recently increased to $442 a month.

On July 9, 2019, the circuit court entered an order finding that it "does not have jurisdiction to modify its previous order and Decree of Divorce." The court noted that Evelyn had not pointed to anything in the October 2016 order where the court retained jurisdiction to modify the division of retirement benefits. The court found that Jim was entitled to judgment of $36,954.90 plus interest, for a total of $40,650.39 in payments that he failed to receive from OPM pursuant to the QDRO through May 10, 2019. The court further ruled that any amounts accruing after May 10, 2019, and not paid to Jim by OPM shall be paid from the sales proceeds held by the clerk and not affect his rights to future payments of $640.

After filing a timely notice of appeal, Evelyn moved to stay enforcement of the judgments recited in the July 9 order. She stated that she was not waiving her right to appeal the July 9 order.

On September 6, 2019, the circuit court entered a "Final Distribution Order" that confirmed the sale of the parties' real and personal property. As pertinent to this appeal, the court found that after the appeal resulting in the *Chism II* opinion, Evelyn owed Jim the sum of $84,470.19 as of August 20, 2019, together with interest for sums due under the original decree. As for Evelyn's retirement benefits, the court found that Jim was entitled to judgment in the amount of $42,106.25 as of August 31, 2019, based on payments due of $640 a month. The court also denied Evelyn's motion for a stay. Evelyn amended her notice of appeal, and this appeal followed.

## II. *Arguments on Appeal*

On appeal, Evelyn argues (1) that the circuit court had jurisdiction to clarify or correct its prior orders and (2) that the circuit court erred in excluding records from OPM.

## III. *Discussion*

We start with Jim's argument relying on the supreme court's holding in *Hall v. Hall*, 2012 Ark. 429, that the appeal is moot due to Evelyn's having voluntarily paid the judgment out of the proceeds of the sale. We disagree because Jim's argument ignores the steps Evelyn took to preserve her right to appeal and the case law considering similar efforts.

First, Evelyn filed a motion to stay the judgment. She made it clear in the motion that she was not waiving her right to appeal. She also did not admit that her payments were voluntary as the husband did in *Hall*. Second, the circuit court specifically found in its order denying the motion to stay

> that any amounts paid by [Evelyn] pursuant to this Order or the prior Orders and Decree entered herein shall not be deemed to be voluntary and shall not abrogate any right of [Evelyn] to pursue an appeal of this Order or any other Orders entered herein.

6

In both *Brave v. Brave*, 2014 Ark. 175, at 6–7, 433 S.W.3d 227, 231–32, and *Myers v. Ridgley*, 2017 Ark. App. 411, at 5, our courts held that payments made under circuit court orders containing similar language were not voluntary and did not constitute waivers of an appeal. Under these circumstances, we cannot deem Evelyn's actions a voluntary acquiescence to the judgment to bar this appeal.

We now turn to the merits of the appeal. Evelyn first argues that the circuit court had jurisdiction to clarify or correct its prior orders. We agree.

Here, the circuit court ruled that it did not have jurisdiction to modify the October 2016 order because, unlike both the original divorce decree and the QDRO, there was no express reservation of jurisdiction contained in the October 2016 order.

After ninety days, without the showing of one of the exceptions listed in Arkansas Rule of Civil Procedure 60, a court has no power to modify or set aside an order. *Treloggen*, *supra*; *Abbott v. Abbott*, 79 Ark. App. 413, 90 S.W.3d 10 (2002); *Narup v. Narup*, 75 Ark. App. 217, 57 S.W.3d 224 (2001). A circuit court, however, has inherent power to enter an order for the purpose of correcting a judgment to ensure that the judgment is truthful and that it accurately reflects the court's original ruling. *Narup*, *supra*. The power is not absolute, and the court is limited to correcting the order to reflect the action the court actually took as demonstrated by the record rather than the action the court should have taken. *Id.* This being so, a circuit court has the power to correct a decree to accurately reflect its original ruling or to interpret its prior decision. *Id.* When a divorce decree is ambiguous, the circuit court has jurisdiction to make changes that clarify what the court originally intended. *Holt v. Holt*, 70 Ark. App. 43, 14 S.W.3d 887 (2000).

7

Jim argues that the October 2016 order is not ambiguous on its face because the order provides that Jim is entitled to one-half of the gross amount of Evelyn's retirement payment of $1,280 a month from January 1, 2014, until the QDRO becomes effective and OPM begins making payments. Although Jim is correct that there is no ambiguity on the face of the October 2016 order, that does not end our inquiry because the ambiguity here is a latent ambiguity resulting from the existence of collateral facts—the reduction in the amount of Evelyn's monthly retirement payments—that make the order's meaning uncertain. *See Abbott, supra; Oliver v. Oliver*, 70 Ark. App. 403, 19 S.W.3d 630, 633 (2000). It was the October 2016 order itself that introduced the ambiguity into the case. Both the divorce decree and the QDRO provided that Jim was to receive one-half of Evelyn's gross retirement benefits, while the October 2016 order calculated Jim's share as one-half of a fixed sum ($1,280). The October 2016 order is ambiguous because someone reading the order does not know whether the percentage controls or the dollar amount controls. Because the court's orders are ambiguous in the division of Evelyn's retirement benefits, the court has inherent power to enter an order to correct the judgment. *Narup, supra*. Thus, the circuit court erred in concluding that it lacked jurisdiction to clarify or interpret the October 2016 order.

Because the circuit court erred in concluding that it lacked jurisdiction to consider Evelyn's motion, we reverse both the circuit court's July 2019 order granting judgment to

8

Jim and the court's September 2019 distribution order and remand for further proceedings consistent with this opinion.[2]

For her second point, Evelyn argues that the circuit court erred in excluding the correspondence from OPM. At issue here is whether the circuit court abused its discretion in sustaining Jim's objections and excluding the OPM correspondence on hearsay grounds. According to Evelyn, these documents show that her retirement payments have decreased from $1,280 a month, were erroneously suspended for a period, and were then reduced to $425 a month. Evelyn had the burden of showing the admissibility of the evidence. *Jones v. John B. Dozier Land Tr.*, 2017 Ark. App. 23, 511 S.W.3d 869. Evidentiary rulings are a matter of discretion and are reviewed only for abuse of that discretion. *See Taylor v. Taylor*, 345 Ark. 300, 47 S.W.3d 222 (2001).

Evelyn first argues that the correspondence is admissible as a business record. Arkansas Rule of Evidence 803(6) provides that records of a regularly conducted business activity are not excluded from evidence by the hearsay rule. To be admissible under the business–record exception, the offering party must meet seven requirements. *Jones*, *supra*. The evidence must be (1) a record or other compilation, (2) of acts or events, (3) made at or near the time the act or event occurred, (4) by a person with knowledge, or from information transmitted by a person with knowledge, (5) kept in the course of a regularly conducted business, (6) which

---

[2]We point out that Evelyn's retirement benefits are marital property, and Arkansas Code Annotated section 9-12–315(a)(1)(A) (Repl. 2020) provides that all marital property shall be valued and distributed *at the time the divorce decree is entered*. *Skokos v. Skokos*, 344 Ark. 420, 40 S.W.3d 768 (2001); *Barnes v. Barnes*, 2010 Ark. App. 821, at 9, 378 S.W.3d 766, 772. Here, the circuit court based its calculations on the value of Evelyn's retirement when the complaint for divorce was filed in January 2014.

has a regular practice of recording such information, (7) as shown by the testimony of the custodian or other qualified witness. *Id.* at 8.

Clearly, the OPM correspondence was hearsay offered to prove the truth of the matter asserted therein—namely, that Evelyn's postal retirement payments are not $1,280 a month but are instead $425 a month. The fact that the correspondence was from a federal agency and has the appearance of a business record does not satisfy the explicit requirements of the rule. That a piece of evidence falls within an exception to the rule against hearsay does not equate to automatic admissibility. *See Lovell v. Beavers*, 336 Ark. 551, 556, 987 S.W.2d 660, 663 (1999). Evelyn failed to present any admissible testimony whatsoever from the custodian or other qualified witness from OPM as to whether the business-record requirements were met. *See Jones, supra*; *Paine v. Walker*, 76 Ark. App. 217, 61 S.W.3d 925 (2001). Evelyn was the sponsoring witness; however, she was neither the custodian of the records nor a qualified witness because she was under no business duty required by the business-record-exception rules.[3] The circuit court did not abuse its discretion in refusing to admit the correspondence under the business-record exception.

Evelyn also contends that the correspondence from OPM is admissible under the residual hearsay exception of Arkansas Rule of Evidence 803(24). That rule provides that a statement should not be excluded as hearsay, even though the declarant is available, when the statement is trustworthy and reliable. *Ward v. State*, 298 Ark. 448, 770 S.W.2d 109

---

[3]Although Arkansas Code Annotated section 16-46-108 (Repl. 1999) permits certain business records to be admitted on the basis of an affidavit if certain conditions are met, Evelyn did not raise this statute as a basis for the admission before the circuit court, nor does she argue on appeal that this section is applicable.

(1989). The residual hearsay exception was intended to be used very rarely and only in exceptional circumstances. *Barnes v. Barnes*, 311 Ark. 287, 843 S.W.2d 835 (1992); *Ward*, *supra*. In narrowly construing this residual-exception clause, our supreme court has admonished that this exception is not meant to authorize circuit courts to admit hearsay statements that do not fall within one of the other exceptions contained in Rules 803 and 804(b). *See Hill v. Brown*, 283 Ark. 185, 672 S.W.2d 330 (1984).

Here, Evelyn's argument again amounts to a request for automatic admissibility. *Lovell, supra*. Admission of the correspondence under the residual hearsay exception in this case would swallow the hearsay rule, especially where Evelyn made no effort to comply with the requirements of either Rule 803(6) or section 16-46-108 for the admission of the correspondence. *See Barnes*, *supra*. Therefore, there is no need to admit the correspondence under Rule 803(24).

Affirmed in part; reversed and remanded in part.

MURPHY and BROWN, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellant.

*Branscum Law Offices*, by: *Herby Branscum, Jr.*, and *Elizabeth Branscum Burgess*, for appellee.