Cite as 2025 Ark. App. 589

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-25-77

| | | |
|---|---|---|
| AMBER NGUYEN | | Opinion Delivered December 10, 2025 |
| | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FDR-18-280] |
| V. | | |
| AHMAD YASSIN | | |
| | APPELLEE | HONORABLE DIANNA HEWITT LADD, JUDGE |
| | | AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

Amber Nguyen appeals from the custody orders entered by the Sebastian County Circuit Court regarding the minor child (MC) she shares with appellee Ahmad Yassin. We affirm.

After prior litigation regarding the custody of MC, the parties entered into an agreed order in November 2021. The order provided that the parties would have joint custody of MC beginning January 4, 2022, and MC would attend school in the Tulsa area, where Nguyen lived, until the end of the 2023 spring semester. For this time period, Nguyen was to have physical custody from 6:00 p.m. on Sundays until 6:00 p.m. on Fridays, and Yassin was to have physical custody from 6:00 p.m. on Fridays until 6:00 p.m. on Sundays. The order further provided that Nguyen would relocate to Fort Smith, where Yassin lived, for

MC to attend school there beginning in the fall of 2023, and the parties would begin operating on a week on/week off schedule, exchanging MC at 3:00 p.m. on Fridays. The order awarded Yassin custody for the entirety of MC's summer break except for two weeks.

In June 2023, Nguyen filed a petition for emergency and permanent custody after learning that Yassin was facing felony robbery and battery charges. The circuit court entered an emergency order awarding Nguyen temporary full custody with Yassin's visitation at Nguyen's discretion. A year later, in June 2024, Yassin filed a motion to dismiss the emergency order and revert to the November 2021 order of joint custody. A hearing was held in October 2024 on Yassin's motion to end the emergency order and Nguyen's motion for permanent full custody. The parties were the only witnesses to testify.

Nguyen testified that MC had been primarily residing with her for the past three years since the entry of the 2021 order. Although Nguyen moved to Fort Smith in the summer of 2022, the parties did not transition to a week on/week off schedule. Instead, they continued their weekday/weekend schedule, with MC also spending Sunday nights with Yassin at least some of the time. Nguyen said that she filed for emergency custody to make sure Yassin would not flee the country with MC, and even though she was granted temporary full custody with visitation at her discretion, the parties continued to follow their same schedule. Nguyen said that she did not want to alienate Yassin from MC as he had previously done to her. Nguyen agreed that MC enjoys going to Yassin's home on the weekends and spending time with his family. Nguyen said that she and MC had moved to Bentonville in August 2024.

2

When asked what led to her move, Yassin objected because no petition to relocate had been filed, and the court sustained the objection.

Yassin testified that he pleaded guilty to robbery and second-degree battery and received a five-year suspended sentence. Yassin testified that he was never a flight risk and that Nguyen let him exercise extensive visitation in the summer following the emergency hearing. He claimed that, in addition to weekends, he had MC in his custody on some weekdays during the school year as well. He said that MC needed to be with her family, including her stepmother and stepsiblings. He asked that Nguyen's request for full custody be denied and that MC be returned to Fort Smith. Both parties testified that MC was doing well and was a great student. At the conclusion of the hearing, the court denied Nguyen's request for full custody and ordered that the parties would continue to share joint custody.

The court entered an order on October 23 terminating the emergency order and denying Nugyen's motion for a permanent change of custody after finding that there had been no material change in circumstances. The court found that MC was doing well by all accounts and had a strong bond with Yassin and her stepsiblings. The court ordered that

> joint custody shall remain in place but with the Defendant mother having the child from after school on Monday through Friday at 3:00 p.m. (school adjournment) each week. Plaintiff shall have the child from Friday at 3:00 p.m. (school adjournment) until Monday morning at 8:00 a.m. (beginning of school) each week. Plaintiff is responsible for getting the child to school on Monday mornings. . . .

> 4. The Court finds that Defendant has moved to Bentonville with the minor child and enrolled the minor child in school there for the Fall 2024 semester. The parties agreed, and the Court ordered, to have 50/50 custody of the minor child in the November 18, 2021 order and also that the child would be enrolled in Fort Smith schools. The Court does not condone the actions of Defendant in moving to

3

Bentonville and enrolling the minor child there. However, the Court also does not want the minor child to be moved back to the Fort Smith School District in the middle of the Fall semester. Therefore, the minor child will complete the Fall 2024 semester in Bentonville and then will be enrolled in Fort Smith Public Schools beginning in January 2025.

5. The November 18, 2021 Order shall remain in effect for all other provisions not modified herein.

On November 7, the court entered an amended order "on the Court's initiative to clarify the Order entered October 23, 2024." In this order, the court ruled that the weekday/weekend schedule would continue only until MC is out of school for Christmas break. The court ordered that once she is out for Christmas break, "the parties shall resume the one week on/one week off custodial schedule." Nguyen filed a timely notice of appeal on November 13 from both the October 23 and November 7 orders.

This court performs a de novo review of child-custody matters, but we will not reverse a circuit court's findings unless they are clearly erroneous. *Reynolds v. Reynolds*, 2024 Ark. App. 229, 687 S.W.3d 584. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been made. *Id.* Whether the circuit court's findings are clearly erroneous turns largely on the credibility of the witnesses, and this court gives special deference to the superior position of the circuit court to evaluate the witnesses, their testimony, and the child's best interest. *Id.* There are no cases in which the superior position, ability, and opportunity of the circuit court to observe the parties carry as great a weight as those involving minor children. *Id.*

4

On appeal, Nguyen first argues that the circuit court clearly erred in finding that there had been no material change in circumstances. The party seeking modification of the custody order has the burden of showing a material change in circumstances. *Ellington v. Ellington*, 2019 Ark. App. 395, 587 S.W.3d 237. To change custody, the circuit court must first determine that a material change in circumstances has occurred since the last order of custody; if that threshold requirement is met, it must then determine who should have custody with the sole consideration being the best interest of the children. *Id.*

In ruling from the bench, the circuit court found that while Yassin's criminal case was not insignificant, there had been no showing that it had a negative impact on MC, and MC has a very close relationship with Yassin and his family. Nguyen does not dispute these findings but instead argues that the circuit court failed to also consider her success as MC's primary caregiver and her move to Bentonville. She argues that she has been MC's primary caregiver since 2021, that MC has thrived under her care, and that she has generously facilitated MC's relationship with Yassin's family. Nguyen argues that the court should have also considered her move in its material-change analysis and found that joint custody was impractical.

Although Yassin disputes that these grounds were properly pled below, we hold that, even when considering them, the circuit court did not clearly err in finding no material change. The parties' joint-custody schedule has not materially changed since November 2021. Although Nguyen obtained temporary full custody, the parties continued to exercise joint custody. During the school year, MC spent four nights a week with Nguyen and three

5

nights a week with Yassin. The evidence showed that the parties could successfully manage a joint-custody arrangement, and this is not a material change from the 2021 order of joint custody. The only remaining ground offered by Nguyen is her move to Bentonville. However, we have held that a party should not be permitted to allege a material change of circumstances that she herself has created. *Davenport v. Uselton*, 2013 Ark. App. 344. When the 2021 order was entered, Nguyen lived in Tulsa. She then lived in Fort Smith from the summer of 2022 through August 2024, when she moved to Bentonville. The parties shared custody of MC during this time, MC had done well, and the circuit court found that she had not been negatively impacted by Yassin's criminal case. Unlike in the cases cited by Nguyen, there are no other factors in addition to her move to support a finding of a material change in circumstances. Giving great weight to the circuit court's observations, as we must, we are unable to say that the circuit court clearly erred in finding no material change in circumstances. Accordingly, the court did not err in denying Nguyen's petition to change custody.

We next address Nguyen's challenges to the court's amended order. Nguyen argues that the circuit court did not properly amend its order because it did not give the "prior notice" required by Rule 60 of the Arkansas Rules of Civil Procedure. However, when an order is ambiguous, the circuit court has jurisdiction to make changes that clarify what the court originally intended. *Chism v. Chism*, 2021 Ark. App. 373. The October 2024 order states that the parties agreed to share custody equally in the 2021 order, which was to remain in effect for all provisions not modified, but the October 2024 order is unclear as to whether

6

this schedule would go into effect when MC is enrolled in Fort Smith schools beginning in January 2025. The court sought to clarify this in its amended order. Accordingly, we hold that the court properly clarified its order.

Nguyen also argues that the amended order contains an unenforceable springing provision that automatically changes the custody arrangement upon the happening of a prospective event. We disagree. In *Bell v. Bell*, 2022 Ark. App. 279, 646 S.W.3d 678, this court held that an order providing that custody would automatically change to 50/50 joint custody if the father moved within twenty miles of his children's school was unenforceable because it was based on a prospective event with no time limitation, and it removed from the circuit court the determination of whether the change is in the children's best interest at the time it occurs. The amended order here provides that the custody schedule would change when MC's Christmas break began, but it was not a change from primary to joint custody; rather, the parties were to exercise joint custody under both schedules. Furthermore, the change in schedule is triggered by MC's school calendar, not the prospective actions of one party. Accordingly, we hold that the amended order is valid. Due to this holding, it is unnecessary to address Nguyen's arguments regarding the October order.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellant.

*Kevin Hickey*, for appellee.